UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.  No. 3:21-cv-00249

0.005 ACRE OF LAND, MORE OR LESS,
AND CEMETERY, BURIAL AND
ACCESS RIGHTS WITH RESPECT
TO SIX TRACTS OF LAND
IN SUMNER COUNTY,
TENNESSEE, and
DORIS DOTTIE McCRARY, ET AL.,
Defendants.

## MEMORANDUM AND ORDER

Before the Court is the Motion for Partial Summary Judgment on Issue of Compensation, filed by the Plaintiff, United States of America upon the relation and for the use of Tennessee Valley Authority ("TVA"). TVA's Motion is properly supported by a Memorandum of Law, Statement of Undisputed Facts, and the Declaration of Norman F. Steuer ("Steuer Decl."). For the reasons set forth below, TVA's Motion will be granted.

### I. BACKGROUND

TVA initiated this action on March 23, 2021, for the taking of property rights under the power of eminent domain and for the determination of compensation for the taking of a fee simple interest with respect to a 0.005-acre cemetery ("McCreary Cemetery fee") and cemetery, burial and access rights (collectively, "cemetery rights") with respect to six cemeteries located within the reservation boundary of TVA's Gallatin Fossil Plant ("GAF") in Sumner County, Tennessee. (Compl., Doc. 1 at ¶¶ 1, 4.) In addition to the acquisition of the McCreary Cemetery

1

fee and cemetery rights, TVA also sought an order authorizing it to relocate the graves in the six cemeteries to suitable reinterment location(s). (*Id.* at ¶ 4.) The property rights for which this action was filed are being acquired for the operation and maintenance of electrical power generation facilities including, but not limited to, the Gallatin Ash Pond Closure and Restoration Project. (Decl. of Taking, Doc. 2 at ¶ 5.) A legal description of the property rights taken, the tract(s) those property rights are associated with, and the cemetery associated with each tract, are set forth in Attachment 1 to the Declaration of Taking (Doc. 2-1). Maps showing the location of the property rights taken are attached as Attachment 2 to the Declaration of Taking (Doc. 2-2.)

The Declaration of Taking estimates the just and liberal compensation for the McCreary Cemetery fee to be $40,000 and estimates the just and liberal compensation for the cemetery rights to be a nominal amount because TVA intends to provide replacement rights of equal or greater value at suitable reinterment location(s) ("replacement cemetery rights"). (Decl. of Taking, Doc. 2 at ¶ 2.) These sums were deposited with the Clerk of Court on April 7, 2021, and the Clerk of Court noted the receipt of the deposit on the docket. (Doc. 12.) On July 13, 2021, TVA filed an amended Complaint and Notice of Condemnation to add additional Defendants and correct the names of previously named Defendants. (Am. Compl., Doc. 34 at ¶¶ 1–2.)

No Defendant has entered an appearance, made a jury demand, filed a responsive pleading, or otherwise served a response to the initiating papers or the amended initiating papers and therefore all defenses and objections to the taking have been waived. *Accord U.S. ex rel. Tenn. Valley Auth. v. A Temp. Right to Enter*, No. 4:14-CV-00085-HSM-SKL, 2017 WL 2559976, at *4 (E.D. Tenn. Jun. 13, 2017) (citing *United States v. 14.02 Acres of Land More or Less*, 530 F.3d 883, 892 (9th Cir. 2008); Fed. R. Civ. P. 71.1(3)). Accordingly, on April 8, 2021, the Court granted TVA's Motion for Entry of Order of Immediate Possession. (Docs. 7, 11.) On September 10, 2021, upon motion by TVA, the Court entered an Order (Docs. 41, 44, 45)

authorizing TVA to disinter the remains buried in the six cemeteries and to reinter said remains at a suitable reinterment location(s). *United States ex rel. TVA v. 0.005 Acre of Land in Sumner Cnty., Tenn.*, No. 3:21-cv-00249, 2021 WL 4261241, at *2 (M.D. Tenn. Sept. 10, 2021).

TVA asserts in the Motion for Partial Summary Judgment that there are two remaining issues to be resolved in this case–(1) the amount of compensation to be awarded for the condemned property rights and (2) the apportionment of the compensation award. TVA's Motion is with respect to the first issue only, specifically, the amount of compensation to be awarded for the McCreary Cemetery fee and the cemetery rights. Mr. Steuer, a licensed appraiser, who serves as TVA's Manager of Real Property Transactions in TVA's Realty Services organization, attests in his Declaration submitted with the Motion that the fair market value of the McCreary Cemetery fee is $40,000 and that no additional compensation is owed for the existing cemetery rights taken because the fair market value of the replacement cemetery rights TVA is providing is equal or greater to the fair market value of the existing cemetery rights. (Steuer Decl. at ¶¶ 3–5.) No Defendant has responded to TVA's Motion.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Wimbush v. Wyeth*, 619 F.3d 632, 636 (6th Cir. 2010) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

Here, when no defendant has answered, demanded a jury, or raised any objection as to the value of the taking, the issue of just compensation is to be determined by the Court and summary judgment is an appropriate procedure for the Court to adjudicate this issue. *See* Fed. R. Civ. P. 71.1(h)(1) (noting that, in a condemnation action, the Court tries all issues, including compensation, unless a party demands a trial by jury). *See, e.g., United States ex rel. TVA v. Tree-Removal Rights with Respect to Land in McNairy Cnty., Tenn.,* No. 15-1008, 2015 WL 5499434, at *3–4 (W.D. Tenn. Sept. 16, 2015) (granting summary judgment on the issue of the amount of just compensation to be awarded).

### III. ANALYSIS

TVA may take private property for public use in the name of the United States. *See* 16 U.S.C. § 831c(h). This power is subject to the Fifth Amendment of the United States Constitution which requires that just compensation be rendered to property owners for takings of their private property for public use. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984). Just compensation is defined as the fair market value of the property interests taken. *See Kirby Forest Indus.*, 467 U.S. at 9 (citing *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511–12, 514 (1979)); *United States ex rel. TVA v. Easements and Rights-of-Way in Greene Cnty., Tenn.,* No. 2:07-CV-142, 2010 WL 3861053, at *3 (E.D. Tenn. Sept. 24, 2010). Under federal law, the landowner has the burden of proof on the issue of compensation. *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273 (1943); *Welch v. TVA*, 108 F.2d 95, 101 (6th Cir. 1939).

#### A. Compensation Determination

As evidence to support its valuation of the property rights taken, TVA has submitted the Declaration of Norman F. Steuer as evidence of the amount of just compensation. (Steuer Decl. at ¶ 1.) Mr. Steuer has worked for TVA since 1997 and has been a licensed appraiser in

Tennessee since 2004. (*Id.*) Since 2003, Mr. Steuer has worked as the Manager of Real Property Transactions in TVA's Realty Services Organization, or a similar position. (*Id.*). In this capacity Mr. Steuer is "responsible for [the] review of appraisal reports prepared by independent appraisers for the purpose of making recommendations to TVA management about the cost of acquiring new property rights[,]" including making recommendations to TVA management "about the cost of acquiring new property rights" for the Gallatin Ash Pond and Restoration Project. (*Id.* at ¶¶ 1–2.)

As part of his official duties as TVA's Manager of Real Property Transactions, Mr. Steuer reviewed an appraisal report prepared by an independent Tennessee certified general property appraiser to determine the fair market value of the McCreary Cemetery fee. (*Id.* at ¶ 4.) The independent appraisal report valued the McCreary Cemetery fee at $40,000. (*Id.*) Based on his experience and training as a Tennessee certified general real property appraiser and on his review of the independent report, Mr. Steuer determined that the just and liberal compensation for the McCreary Cemetery fee is $40,000. (*Id.*) Mr. Steuer also determined that the fair market value of the replacement cemetery rights being provided is equal or greater to the fair market value of the existing cemetery rights and therefore no additional compensation is owed for the existing cemetery rights. (*Id.* at ¶ 5.)

No Defendant has appeared in this case or offered any additional evidence as to the fair market value of the McCreary Cemetery fee and the cemetery rights acquired. TVA's Motion is properly made and supported by the Declaration of Mr. Steuer. Thus, because no Defendant has responded to TVA's properly supported Motion with competent evidence sufficient to meet their burden, summary judgment is appropriate for TVA on the issue of compensation. *See United States ex rel. TVA v. 1.31 Acres of Land in Lauderdale Cnty., Tenn.*, No. 12-2845-STA-tmp, 2013 WL 2289880, at *3–4 (W.D. Tenn. May 23, 2013) (granting summary judgment on issue of

amount of just compensation to be awarded); *United States v. 9.28 Acres of Land in Allegheny Cnty., Pa.*, No. 06-1082, 2008 WL 341715, at *3 (W.D. Pa. Feb. 7, 2008) (granting unopposed summary judgment motion and awarding $100 as just compensation); *United States ex rel. TVA v. A Temporary Right to Enter Land in Montgomery Cnty., Tenn.,* No. 3:20-cv-00183, Order, Doc. 24 (M.D. Tenn. Apr. 6, 2021) (unpublished) (granting unopposed motion for summary judgment).

Accordingly, TVA's Motion for Partial Summary Judgment on Issue of Compensation, will be granted and the Court finds that $40,000 is the amount to be awarded as just compensation for the McCreary Cemetery fee and that no compensation is to be awarded for the cemetery rights because TVA is providing replacement cemetery rights of equal or greater value at suitable reinterment location(s).

### B. Procedure for Apportionment of the Compensation Award for the McCreary Cemetery Fee[1]

Because TVA has only moved for summary judgment with respect to the issue of compensation, the issue of apportionment of the $40,000 owed for the McCreary Cemetery fee is still to be decided. "After a deposit, the court and attorneys must expedite the proceedings so as to distribute the deposit and to determine and pay compensation." Fed. R. Civ. P. 71.1(j)(2).

TVA submits that the ownership of the McCreary Cemetery fee taken in this action is unknown or is in dispute. (TVA's Brief in Supp. of MSJ at n.4.) TVA has, however, named as Defendants in this lawsuit those individuals who, as of March 23, 2021, the date of taking, TVA determined have or may claim an interest in the McCreary Cemetery fee. (Attach. 2 to Amend.

---

[1] The Court need not issue a ruling concerning the apportionment of compensation for the cemetery rights because the Court has determined that TVA is providing replacement cemetery rights which are equal to or greater than the value of the existing cemetery rights and therefore no compensation is owed.

Compl., Doc. 34-2.) TVA reasonably believes that the list of individuals identified on Attachment 2 to the Amended Complaint is complete, but it takes no position as to the priority of any individual's claim. (TVA's Brief in Supp. of MSJ at n.4.) Rather, TVA requests that the Court adopt a procedure for identifying the individuals who claim an interest in the McCreary Cemetery fee, determining their fractional interest in the subject property, and disbursing the apportioned funds previously deposited with the Court's registry. (*Id.* at 14–17.) TVA states that after compensation is determined by the Court, it will file a declaration which sets forth TVA's position on the allocation of compensation for the purpose of assisting the Court in making a mathematical apportionment of the compensation award. (*Id.* at n.1, n.4.)

The Court will adopt the procedure proposed by TVA and recently adopted by the Northern District of Mississippi concerning other TVA eminent domain cases in which ownership of the property rights at issue was unknown or in dispute. *See United States ex rel. TVA v. An Easement & Right-of-Way Over 0.24 Acre of Land in Tallahatchie Cnty., Miss.*, No. 3:18-cv-00169-SA-RP, 2019 WL 3849163, at *5–*6 (N.D. Miss. Aug. 15, 2019); *see also United States ex rel. TVA v. An Easement & Right-of-Way Over 3 Acres of Land, More or Less, in Oktibbeha Cnty., Miss.*, No. 1:20-CV-108-SA-DAS, 2021 WL 5368667, at *3–*4 (N.D. Miss. Nov. 17, 2021); *United States ex rel. TVA v. Easements & Rights-of-Way Over a Total of 2.48 Acres of Land, More or Less, in Clay Cnty., Miss.,* No. 1:17-CV-00202-SA-DAS, 2020 WL 5517672, at *3–*4 (N.D. Miss. Sept. 14, 2020). Under this procedure, the funds remain on deposit until further order of the Court. *United States ex rel. TVA v. An Easement & Right-of-Way Over 0.24 Acre of Land in Tallahatchie Cnty., Miss.*, No. 3:18-cv-00169-SA-RP, 2019 WL 3849163, at *5–*6. The named defendants, or any other named or unnamed person who claims interest in the compensation, can then seek disbursement of the compensation by filing an application with the Court accompanied by the following: the necessary tax-identification

information and adequate documentation confirming entitlement to the claimed shared of the compensation. *Id.*

The Court also notes that this procedure is supported by the Declaration of Taking Act, which in pertinent part provides that "[o]n application of the parties in interest, the court may order that any part of the money deposited in the court be paid immediately for or on account of the compensation to be awarded in the proceeding." 40 U.S.C. § 3114(c). The Act also directs the Court to enter judgment against the Government for a deficiency "[i]f the compensation finally awarded is more than the amount of money received by any person entitled to compensation[.]" *Id.* The Court sees no reason why this procedure should not be applied in this case.

## IV. CONCLUSION

For the reasons set forth above, TVA's Motion for Partial Summary Judgment as to the Issue of Compensation is **GRANTED**. TVA's valuation of $40,000 for the McCreary Cemetery fee is accepted by the Court. In order to resolve the apportionment issue of this compensation award for the McCreary Cemetery fee, the Court adopts the procedure set forth above. The named Defendants, or any other named or unnamed person who claims an interest in the compensation award, will be provided an opportunity to seek disbursement by filing a written request with this Court with the necessary information and documentation demonstrating that they are entitled to their claimed share of the compensation. In order to accomplish that procedure, TVA is hereby **ORDERED** to provide to the Court with a list of the last known addresses for all known Defendants within **seven (7) days** of the entry of this Order. TVA is also **ORDERED** to file a declaration which sets forth TVA's position as to the allocation of compensation owed for the McCreary Cemetery fee within **seven (7) days** of the entry of this

8

Case 3:21-cv-00249   Document 52   Filed 02/14/22   Page 8 of 9 PageID #: 877

Order. A separate Order specifically concerning the Procedure for Disbursement will be entered after the Court's receipt of the addresses and the declaration.

TVA's determination that no additional compensation is owed for the existing cemetery rights because replacement cemetery rights are being provided is also accepted by the Court. The Clerk of Court is authorized and **DIRECTED** to draw a check on the funds on deposit in the registry of this Court in the amount of $6, representing a refund of the amount deposited herein by TVA, said check payable to Tennessee Valley Authority and to be mailed to Lane E. McCarty, Tennessee Valley Authority, WT-6A, 400 West Summit Hill Drive, Knoxville, Tennessee 37902.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE